541 So.2d 596 (1989)
Theodore BASSETT, Appellant,
v.
STATE of Florida, Appellee.
No. 71130.
Supreme Court of Florida.
January 12, 1989.
Steven H. Malone, Sp. Appointed Representative, Office of the Capital Collateral Representative, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen. and W. Brian Bayly, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
Theodore Bassett, a prisoner under a sentence of death, appeals a denial of post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850.[1] We deny relief regarding the guilt phase of Bassett's trial but find the failure of Bassett's trial counsel to investigate and obtain critical background and educational information mandates relief in the penalty phase, and we remand this cause for new sentencing proceedings.
Bassett was convicted of two counts of first-degree murder for which he received the death penalty. This Court affirmed the convictions and sentence in Bassett v. State, 449 So.2d 803 (Fla. 1984). The facts surrounding the crimes are set out in detail in that opinion. After a death warrant was signed, Bassett filed this 3.850 motion to vacate judgment and sentence, asserting generally that: (1) trial counsel provided ineffective assistance at the guilt and penalty phases of the trial; (2) the judge and jury were precluded from considering nonstatutory evidence of mitigation; and (3) the state knowingly used false or misleading testimony and argument in relying on the statement of the codefendant, John Cox. The trial judge granted a stay of execution and set an evidentiary hearing on the ineffectiveness claim.
One of the primary issues in the penalty phase was whether Cox dominated Bassett. Bassett was eighteen years old at the time of the offense; Cox was twenty-nine and had a substantial criminal record. Cox was allowed to plead guilty and received a life sentence. The state argued that Bassett and Cox participated equally and that because Cox had shown remorse and pled guilty his life sentence was justified. Bassett maintained his trial counsel failed to properly investigate and obtain mitigating evidence which would have been relevant and material, including the following: Bassett was raised in an economically depressed and violent family environment in which he had several abusive father figures; a social worker employed by the Catholic school Bassett attended as a teen would have testified that Bassett could be characterized as a "follower"; one of the nuns who taught Bassett at the school stated that he would frequently attempt to gain attention in a negative way and never *597 took the initiative in any activities; another nun related that Bassett was a follower who could easily be led by peers whose approval he sought. Further, a report in the school records contained the following comment:
His peer problems are more serious and numerous than those of any boy in the Upper Dorm. He has been moved to three different rooms in three months because of fights and dissension he inspired, and he has gradually assumed the role of "punching bag" for the entire dorm. Characteristically soft, weak, sneaky, whining, he is nonetheless impulsively loudmouthed and provocative. To his peers he is simply a bag of wind begging to be smacked, and they accommodate him with a frighteningly cruel and merciless consistency. His continued failure to fit into the living group milieu has been a source of concern and unending frustration to the entire Upper Dorm staff.
Other allegedly overlooked mitigating evidence was presented at the evidentiary hearing below. The trial judge, in applying the principles set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), considered the first prong of the Strickland test, the deficiency of counsel, and concluded: "The Court does find that the trial counsel did not adequately investigate Defendant's background, and had a duty to make a more detailed investigation of that background." The trial court, however, in applying the second prong, the prejudice standard, determined that "there is no likelihood that the outcome of the proceedings would have been different, had this evidence been presented at the original penalty phase" and concluded that "the jury would probably not have considered this information favorably vis-a-vis their recommendation if it had been presented to them originally at the penalty phase." Nevertheless, the trial judge demonstrated his concern about this claim and granted a stay pending review in this Court because
[t]he penalty phase ineffective assistance of counsel claim, though ultimately resolved against the defendant, presented a difficult decision for this Court. This claim, the Court finds, is debatable among jurists of reason, could be resolved differently by another court, or is an issue on which Mr. Bassett might be entitled to relief.
The existence of material nonstatutory mitigating evidence that was not discovered by trial counsel is undisputed. The question is whether, given the circumstances in the case, the additional evidence suggesting Bassett's domination by other individuals, coupled with the difference in age between Bassett and Cox, together with Cox's higher intelligence and life sentence, raises a reasonable probability that, absent the deficient performance, the outcome of the penalty proceeding would have been different. We conclude that this additional mitigating evidence does raise a reasonable probability that the jury recommendation would have been different. Strickland; Bertolotti v. State, 534 So.2d 386 (Fla. 1988).
We do, however, affirm the trial court's rejection of all other claims. Our holding requires a new sentencing hearing which renders moot Bassett's belated Hitchcock[2] claim. For the reasons expressed, we remand this cause to the trial court for a new sentencing hearing before a new jury, that proceeding to commence within ninety days from the date this opinion becomes final.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[1] We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.
[2] Hitchcock v. Dugger, 481 U.S. 393, 107 S.Ct. 1821, 95 L.Ed.2d 347 (1987).